KAREN P. HEWITT
United States Attorney
MICHAEL F. HERTZ
Acting Assistant Attorney General
Civil Division
THOMAS W. HUSSEY
Director
STEPHEN FLYNN
Assistant Director
ANH-THU P. MAI-WINDLE
Senior Litigation Counsel
PATRICIA M. CORRALES
Attorney-California Bar No. 183249
Office of Immigration Litigation
United States Department of Justice
Civil Division
        300 North Los Angeles Street/Room 8108
        Los Angeles, California 90012
        Telephone: (213) 894-8627
        Facsimile: (213) 894-2648
        E-Mail: Patricia.Corrales@DHS.gov

FILED

2009 MAR 24  PM 3: 24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

NASSER ALAVI,
a.k.a. Seyed Nasser Alavi Lotfabad,

        Defendant.

No.  '09 CV 0602 L NLS

COMPLAINT TO REVOKE
NATURALIZATION

I.    JURISDICTION AND VENUE

1.  This is an action under Section 340(a) of the Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1451(a), to revoke and set aside the order admitting the defendant, Nasser Alavi (a.k.a. Seyed Nasser Alavi Lotfabad), to citizenship and to cancel the defendant's certificate of naturalization.



2. The affidavit of Adam R. Weber, a Senior Special Agent of the U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS"), showing good cause for this action is attached as Exhibit A.

3. The plaintiff is the United States of America and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345 and Title 8, United States Code, Section 1451(a).

4. The defendant is a naturalized United States citizen whose last residence in the United States was San Diego, California. Therefore, this action is properly filed within the Southern District of California pursuant to Title 8, United States Code, Section 1451(a).

II. FACTUAL BACKGROUND

A. The Defendant's Naturalization Proceedings

5. The defendant became a lawful permanent resident alien of the United States on April 9, 1996, under DHS file number A72 462 710.

6. On October 27, 2003, the defendant filed with the San Diego, California, District Office of the United States Citizenship and Immigration Services ("USCIS")[1]/ an "Application for Naturalization," Form N-400, under DHS file number A72 462 710.

7. The defendant filed his application based upon his eligibility as a lawful permanent resident for at least five years in accordance with section 316(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1427(a).

8. On October 8, 2003, the defendant signed his application for naturalization under penalty of perjury, thereby swearing or affirming that the

---

[1]/    On March 1, 2003, the former Immigration and Naturalization Service ("INS") ceased to exist as an independent agency and its functions were transferred to DHS. See Homeland Security Act of 2002, Pub.L.No. 107-296, 110 Stat. 2135 (Nov. 25, 2002). Within DHS, the functions relating to the processing of naturalization applications were transferred to USCIS.

1    contents of the application, as prepared at his request, were true and correct.

2      9. Part 10, Question 15 of the application asks: "Have you **EVER**

3 committed a crime or offense for which you were NOT arrested?"

4      10. Defendant's response to Part 10, Question 15 was "No."

5      11. On June 1, 2004, the defendant was interviewed, under oath, by an

6 officer of DHS to determine his eligibility for naturalization. During the interview,

7 the defendant affirmed that his response to Part 10, Question 15 was "No." At the

8 conclusion of his interview, the defendant signed his naturalization application

9 under penalty of perjury and swore that the contents of his application, as modified,

10 were true and correct.

11      12. On June 1, 2004, DHS approved the defendant's naturalization

12 application.

13      13. On July 15, 2004, the defendant was administered the oath of allegiance

14 at a Naturalization Ceremony in San Diego, California, and issued Certificate of

15 Naturalization No. 28282586.

16      B.    The Defendant's Criminal History and Conviction

17      14.    From at least May 14, 2003, through August 14, 2003, prior to the

18 October 27, 2003 submission of his application for naturalization and his June 1,

19 2004 naturalization interview, the defendant engaged in Rape By Foreign Object

20 and multiple offenses of Sexual Battery in the course of his medical practice.

21      15. On May 14, 2003, the defendant committed the first in a series of crimes

22 of Sexual Battery, a felony, in violation of section 243.4(c) of the California Penal

23 Code.

24      16. On June 3, 2003, the defendant committed the second in a series of

25 crimes of Sexual Battery, a felony, in violation of section 243.4(c) of the California

26 Penal Code.

27      17. On June 18, 2003, the defendant committed the third in a series of

28 crimes of Sexual Battery, a felony, in violation of section 243.4(c) of the California

1    Penal Code.

2        18.  On July 3, 2003, the defendant committed the fourth in a series of

3    crimes of Sexual Battery, a felony, in violation of section 243.4(c) of the California

4    Penal Code.

5        19.  On August 7, 2003, the defendant committed the fifth in a series of

6    crimes of Sexual Battery, a felony, in violation of section 243.4(c) of the California

7    Penal Code.

8        20.  On August 14, 2003, the defendant committed the sixth in a series of

9    crimes of Sexual Battery, a felony, in violation of section 243.4(c) of the California

10   Penal Code.

11       21.  On August 14, 2003, the defendant also committed the crime of Rape By

12   Foreign Object, a felony, in violation of section 289(d)(4) of the California Penal

13   Code.

14       22.  On March 15, 2005, the defendant, in a felony complaint, was charged

15   with one count of Rape By Foreign Object, in violation of section 289(d)(4) of the

16   California Penal Code, and seven counts of Sexual Battery, in violation of section

17   243.4(c) of the California Penal Code.

18       23.  On October 11, 2005, *a jury determined defendant had committed the*

19   *crimes he had been charged with and found him guilty* of one count of Rape By

20   Foreign Object, in violation of section 289(d)(4) of the California Penal Code,

21   which the defendant committed on August 14, 2003, and six separate counts of

22   Sexual Battery, in violation of section 243.4(c) of the California Penal Code, which

23   the defendant committed on May 14, 2003, June 3, 2003, June 18, 2003, July 3,

24   2003, August 7, 2003, and August 14, 2003.

25       24.  As a result of the *jury's verdict finding defendant guilty of once count of*

26   *Rape By Foreign Object and six counts of Sexual Battery*, the defendant was

27   remanded into custody on a $100,000 bond.  On November 8, 2005, the defendant

28   failed to appear at his sentencing hearing.  His bond was thereafter forfeited, and

1  the judge issued a bench warrant for his arrest.  The defendant remains a fugitive.

2      25.  Based on his criminal offenses, on April 28, 2006, the Division of

3  Medical Quality of the Medical Board of California further revoked the

4  defendant's medical license.

5      III.    THE RELEVANT LAW

6      26.  Under section 340(a) of the INA, 8 U.S.C. § 1451(a), the defendant's

7  naturalization must be revoked and his Certificate of Naturalization must be

8  canceled if his naturalization was illegally procured.

9                          **COUNT I**

10  **Illegal Procurement of United States Citizenship:  Lack of Good Moral**
**Character-Defendant's Commission of Unlawful Acts Adversely**
11  **Affecting His Moral Character**

12      27.  Plaintiff realleges and incorporates by reference paragraphs 1 through 26

13  of this Complaint.

14      28.  Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3), provides that no

15  person shall be naturalized unless the person "during all the periods referred to in

16  this subsection has been and still is a person of good moral character . . ."  The

17  statutory period for which good moral character is required begins five years prior

18  to filing the application and extends until the applicant takes the oath of allegiance

19  and becomes a United States citizen ("statutory period").  Accordingly, the

20  defendant was required to prove that he was, and continued to be, a person of good

21  moral character from October 27, 1998, five years before he filed his application

22  for naturalization, until the time he took the oath of allegiance on July 15, 2004.

23      29.  Unless there are extenuating circumstances, an applicant for

24  naturalization is precluded from establishing good moral character if, during the

25  statutory period, he commits unlawful acts that adversely reflect upon his good

26  moral character.  See 8 C.F.R. § 316.10(b)(3)(iii).

27      30.  Whether unlawful acts affect a naturalization applicant's moral character

28  is a case-by-case determination, considering the standards of the average citizen in

United States v. Nasser Alavi/DJ#38-12-1060.13
Complaint to Revoke Naturalization - Page 5

1  the applicant's community of residence.  See 8 C.F.R. § 316.10(a)(2).

2      31.  As set forth in paragraph 22, the State of California, in a felony

3  complaint, charged defendant of committing the crimes of Sexual Battery and Rape

4  By Foreign Object between May 14, 2003, and August 14, 2003, a time period that,

5  for purposes of determining eligibility for naturalization, falls within the statutory

6  period in which the defendant was required to establish that he was a person of

7  good moral character.  See 8 U.S.C. § 1427(a), (e).

8      32.  On October 11, 2005, after he naturalized, a jury found the defendant

9  guilty of six separate counts of Sexual Battery, in violation of section 243.4(c) of

10  the California Penal Code, which the jury determined the defendant committed this

11  offense on May 14, 2003, through August 14, 2003.  The jury also found the

12  defendant guilty of Rape By Foreign Object, in violation of section 289(d)(4) of

13  the California Penal Code, which the jury determined the defendant committed this

14  offense on August 14, 2003.  See ¶ 23; see also ¶¶ 15-21.

15      33.  Sexual Battery and Rape By Foreign Object are each an unlawful act

16  that adversely reflects upon the defendant's good moral character as measured

17  against the standards of the average citizen in the community in which the

18  defendant last resided.  The defendant committed these acts during the statutory

19  period (October 27, 1998, through July 15, 2004).

20      34.  As evidenced by his post-naturalization conviction, fugitive status, and

21  the revocation of his medical license, see ¶¶ 23-25, there are no extenuating

22  circumstances that would mitigate the effect of the defendant's actions on his

23  ability to establish good moral character.

24      35.  As a result of the defendant's commission of unlawful acts that

25  adversely reflect on his moral character, which were committed during the relevant

26  period for good moral character, the defendant was precluded from establishing

27  good moral character.

28

1    36.  Because the defendant was not a person of good moral character, as

2  required by law, he was ineligible for naturalization under section 316(a)(3) of the

3  INA, 8 U.S.C. § 1427(a)(3).

4    37.  As a person ineligible to naturalize, the defendant's naturalization was

5  illegally procured and must be revoked, as provided for in section 340(a) of the

6  INA, 8 U.S.C.§ 1451(a).

7    WHEREFORE, Plaintiff prays for relief as follows:

8  (1)    Judgment revoking and setting aside the naturalization of the defendant

9  ordered by the Attorney General of the United States, admitting the defendant to

10 United States citizenship, and canceling Certificate of Naturalization No.

11 28282586.

12 (2)    Judgment forever restraining and enjoining the defendant from claiming any

13 rights, privileges, or advantages under any document which evidences United

14 States citizenship obtained as a result of the defendant's July 15, 2004

15 naturalization.

16 (3)    Judgment requiring the defendant to surrender and deliver his Certificate of

17 Naturalization and any other indicia of United States citizenship, as well as any

18 copies thereof in his possession (and to make good faith efforts to recover and then

19 surrender any copies thereof that he knows are in the possession of others), to the

20 Attorney General immediately; and

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28 //

United States v. Nasser Alavi/DJ#38-12-1060.13
Complaint to Revoke Naturalization - Page 7

1   (4)     Judgment granting Plaintiff any other relief that may be lawful and proper.

2

3                                         Respectfully Submitted,

4                                         MICHAEL F. HERTZ
                                        Acting Assistant Attorney General

5                                         Civil Division

6                                         THOMAS W. HUSSEY
                                        Director

7

8                                         STEPHEN FLYNN
                                        Assistant Director

9                                         ANH-THU P. MAI-WINDLE
                                        Senior Litigation Counsel

10

11   Date March 23, 2009

12                                         PATRICIA M. CORRALES
                                        Attorney

13                                         Office of Immigration Litigation
                                        300 North Los Angeles Street

14                                         Room 8108
                                        Los Angeles, CA 90012

15                                         Telephone: (213) 894-8627
                                        Facsimile: (213) 894-2648

16

17                                         Attorneys for United States of America

18

19

20

21

22

23

24

25

26

27

28

United States v. Nasser Alavi/DJ#38-12-1060.13
Complaint to Revoke Naturalization - Page 8

# EXHIBIT A

UNITED STATES OF AMERICA    )
                              )
SAN DIEGO, CALIFORNIA      )
                              )
In the Matter of the Revocation )
of the Naturalization of     )
                              )
    Nasser Alavi, aka:     )    AFFIDAVIT OF GOOD CAUSE
    Seyed Nasser Alavi Lotfabad)
                              )
    A72 462 710         )

I, Adam R. Weber, declare under penalty of perjury as follows:

I.     I am a Senior Special Agent of U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security (DHS). In this capacity, I have access to the official records of DHS/ICE, including the immigration file of Nasser Alavi, aka: Seyed Nasser Alavi Lotfabad, A72 462 710 ("Mr. Alavi").

II.    I have examined the records relating to Mr. Alavi's case. Based upon my review of these records, I state, on information and belief, that the information set forth in this Affidavit of Good Cause is true and correct.

III.   On or about October 27 , 2003, Mr. Alavi filed an application for naturalization, Form N-400, with the San Diego, California, District Office of U.S. Citizenship and Immigration Services (USCIS)[1] pursuant to section 316(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1427(a).

IV.   On June 1, 2004, USCIS approved Mr. Alavi's application for naturalization. On the basis of his completed application for naturalization, Mr. Alavi was allowed to take the oath of allegiance and was admitted to United States citizenship on July

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") ceased to exist as an agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. Within the Department of Homeland Security (DHS), the functions relating to the processing of

EXHIBIT A

15, 2004. He was issued a Certificate of Naturalization, number 28282586.

V.　Mr. Alavi illegally procured his naturalization because he could not have established that he was a person of good moral character.

A.　As an applicant for naturalization pursuant to section 316(a) of the INA, 8 U.S.C. § 1427(a), Mr. Alavi, was required to prove that he was, and continued to be, a person of good moral character from October 27, 1998, five years before he filed his application for naturalization, until the time he took the oath of allegiance on July 15, 2004 (the "statutory period").

1.　Mr. Alavi could not have established that he was a person of good moral character during the statutory period because he committed unlawful acts that adversely reflected upon his moral character.

2.　Unless there are extenuating circumstances, an applicant for naturalization is precluded from establishing good moral character if, during the statutory period, he commits unlawful acts that adversely reflect upon his moral character. See 8 C.F.R. § 316.10(b)(3)(iii).

3.　Whether unlawful acts affect the applicant's moral character is a case-by-case determination, considering the standards of the average citizen in the applicant's community of residence.

4.　On May 14, 2003, within the statutory period, Mr. Alavi willfully and unlawfully committed the crime of Sexual Battery, a felony, in violation of section 243.4(c) of the California Penal Code (CPC).

---

naturalization applications were transferred to USCIS. See Homeland Security Act of 2002, Pub.L.No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

2

EXHIBIT A

5.  On June 3, 2003, within the statutory period, Mr. Alavi willfully and unlawfully committed the crime of Sexual Battery, a felony, in violation of section 243.4(c) of the CPC.

6.  On June 18, 2003, within the statutory period, Mr. Alavi willfully and unlawfully committed the crime of Sexual Battery, a felony, in violation of section 243.4(c) of the CPC.

7.  On July 3, 2003, within the statutory period, Mr. Alavi willfully and unlawfully committed the crime of Sexual Battery, a felony, in violation of section 243.4(c) of the CPC.

8.  On August 7, 2003, within the statutory period, Mr. Alavi willfully and unlawfully committed the crime of Sexual Battery, a felony, in violation of section 243.4(c) of the CPC.

9.  On August 14, 2003, within the statutory period, Mr. Alavi willfully and unlawfully committed the crime of Sexual Battery, a felony, in violation of section 243.4(c) of the CPC.

10. On August 14, 2003, within the statutory period, Mr. Alavi unlawfully committed the crime of Rape By Foreign Object, a felony, in violation of section 289(d)(4) of the CPC.

11. Both Rape By Foreign Object and Sexual Battery are unlawful acts that adversely reflects upon an individual's moral character as measured against the standards of the average citizen in the community of residence.

3



EXHIBIT A

12. On March 15, 2005, the People of the State of California charged Mr. Alavi, in case number SCE245696, with one count of Rape By Foreign Object in violation of section 289(d)(4) of the CPC and seven counts of Sexual Battery in violation of 243.4(c) of the CPC.

13. On October 11, 2005, a jury found Mr. Alavi guilty of one count of Rape By Foreign Object in violation of section 289(d)(4) of the CPC, which Mr. Alavi committed on August 14, 2003, and six separate counts of Sexual Battery in violation of 243.4(c) of the CPC, which Mr. Alavi committed on May 14, 2003, June 3, 2003, June 18, 2003, July 3, 2003, August 7, 2003, and August 14, 2003.

14. As evidenced by his post-naturalization jury verdict finding Mr. Alavi guilty of one count of Rape By Foreign Object and six counts of Sexual Battery, there were no extenuating circumstances that could have mitigated the effect of Mr. Alavi's crime on his ability to establish good moral character.

B. Mr. Alavi was precluded from establishing good moral character because he committed unlawful acts (i.e., rape and sexual battery) that adversely reflected upon his moral character during the statutory period. Consequently, he was ineligible for naturalization and illegally procured his naturalization.

C. The crimes Mr. Alavi perpetrated (i.e. rape and sexual battery), which a jury later found him guilty of committing, were material to his eligibility for naturalization. Had USCIS known that Mr. Alavi had

EXHIBIT A

committed these unlawful acts, USCIS undoubtedly would

not have approved his application for naturalization.

VI.    Based on the facts outlined in paragraphs I through V, good

cause exists to institute proceedings pursuant to section

340(a) of the Act, 8 U.S.C. § 1451(a), to revoke Mr. Alavi's

citizenship, and to cancel his Certificate of Naturalization.

VII.    Mr. Alavi's last known place of residence is 6530 Linda Lane,

San Diego, California 92120.


### DECLARATION IN LIEU OF JURAT
### (28 U.S.C. §1746)

I declare under penalty of perjury that the foregoing is true and

correct.   Executed on September 4, 2007           :

Adam R. Weber
Senior Special Agent
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement

EXHIBIT A

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

**2009 MAR 24 PM 3: 23**

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

NASSER ALAVI, a.k.a.
Seyed Nasser Alavi Lotfabad

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Patricia M. Corrales, Office of Immigration Litigation
300 N. Los Angeles Street/Room 8108, Los Angeles, CA 90012

Attorneys (If Known)

**'09 CV 0602 L NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☒ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S.C. § 1451(a)
Brief description of cause:
Denaturalization proceeding-Action to revoke grant of U.S. citizenship obtained illegally or by fraud.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  March 23, 2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____